Argued February 22, affirmed April 3, 1978

STATE OF OREGON, *Respondent,*
*v.*
MATTHEW ELLETT, *Appellant.*
(No. C 76-12-16953, CA 8267)

576 P2d 839

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Carol J. Molchior, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was charged with burglary in the first degree. ORS 164.225. He moved to quash his arrest and suppress evidence which was the "fruit" of the arrest.[1] The circuit court denied the motion, and defendant was tried and convicted. He appeals, assigning as error the denial of the motion.

As he was returning home late one afternoon, the victim of the crime, noticed two young men running down an alley behind his house carrying what he recognized as his stereo speakers. He parked his car and ran after them, calling out that he recognized one—the defendant. They dropped the speakers and fled.

The victim went to his house and discovered that someone had, in fact, broken in and taken his stereo set. He did not determine if anything else was missing. He then proceeded to a house about a block down the alley toward which the men had been running, where he thought defendant lived. A young woman answered the door and confirmed that defendant lived there, but she said he was not at home. He asked her about his stereo. She replied that she knew nothing about it. He turned to leave, telling her he was going to call the police. The woman called him back and returned his stereo receiver from inside the house.

He took the stereo to his car, retrieved the speakers and called the police, leaving his wife to watch defendant's house. The police arrived in a few minutes, went to the victim's residence, confirmed that there had been a burglary and questioned several neighbors and witnesses. They did not determine whether anything other than the stereo had been taken. One person said that she had earlier seen two boys carrying things into defendant's house. The police

---

[1] The only property seized at the time of the arrest was the girl's clothes defendant was then wearing. The motion was addressed to that clothing and testimony about its being worn at the time of arrest.

called for additional officers to cover the rear of the house. Two officers then went to the door and knocked. The woman again appeared. She told them defendant was not there. The officers asked for permission to enter to search for him, but she refused. She then attempted to close the door, but the officers forced it open and entered. One officer estimated that ten to fifteen minutes elapsed between the initial report of the burglary and the entry.

During the search of the house, the police discovered defendant lying in bed, dressed in girls' clothing. He was arrested.

Defendant argues that the arrest was invalid because the warrantless entry into his residence was not justified by any exigent circumstances. ORS 133.310 and 133.235(5)[2] do not expressly require exigent circumstances for an entry to arrest if the police have probable cause to believe a felony has been committed and that the felon is within the premises. The entry and arrest were valid under the statutes, but defendant argues that unless a requirement of exigent circumstances is read into ORS 133.235(5), the statute is unconstitutional.

That issue has been raised before, but has not been resolved in this state. *State v. Girard,* 276 Or 511, 555 P2d 445 (1976); *see also United States v. Santana,* 427

---

[2]ORS 133.310 provides:

"(1) A peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed:

"(a) A felony, a Class A misdemeanor, an unclassified offense for which the maximum penalty allowed by law is equal to or greater than the maximum penalty allowed for a Class A misdemeanor, or a major traffic offense as defined in subsection (5) of ORS 484.010; or

"* * * * *"

ORS 133.235(5) provides:

"In order to make an arrest, a peace officer may enter premises in which he has probable cause to believe the person to be arrested to be present."

US 38, 96 S Ct 2406, 49 L Ed 2d 300 (1976).[3] Nor is it squarely presented by the facts of this case. Assuming that defendant's constitutional argument has merit, the circumstances here were sufficiently exigent to justify the entry to make a probable cause arrest.

The officers responded immediately to the report of a recently committed burglary. After confirming the break-in and the information concerning defendant's involvement, they went directly to his nearby house. Defendant knew the burglary had been discovered and that he had been recognized. The police had reasons to believe that both burglars might be hidden in the house. The burglary victim was present and identified the person who opened the door as the same one who handed over the stereo component earlier. The young woman was openly hostile. The officers could reasonably act on the belief that unless they acted quickly defendant could attempt to escape, prepare to resist arrest or to destroy or conceal other evidence of the crime, if any. We read *Girard* as saying that, if exigent circumstances are required to support a warrantless arrest in a house, these circumstances may be found in a state of facts giving rise to a reasonable belief that immediate action is required. This was such a situation.

Defendant argues that the officers could have secured the house without entry until a warrant could be obtained. The same argument was rejected in *Girard,* the court noting that

"* * * [i]n the exigencies of the moment, the officers could not reasonably be expected to put fine weights in the scale in weighing the chances of securing the house or of losing their quarry." 276 Or at 515.

Affirmed.

---

[3]The issue has been decided by courts in other jurisdictions. *See* the cases cited in *State v. Girard,* 276 Or 511, 514 n 2. The American Law Institute in its *Model Code of Prearraignment Procedure,* § 120.6(1) (1975), recommends provisions like the Oregon statutes without an exigent circumstances limitation.